

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHUCK EDWARD MCCULLOUGH, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 4:19-00388-MGL |
| | § | |
| WARDEN G. DODKIN, | § | |
| Respondent. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PLANTIFF'S PETITION**

Petitioner Chuck Edward McCullough (McCullough), proceeding pro se, filed this action asserting a habeas corpus claim under 28 U.S.C. § 2254. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondents Warden G. Dodkin's (Dodkin) motion for summary judgment be granted and McCullough's petition be dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 8, 2020. McCullough filed his Objections to the Report (Objections) on January 21, 2020. The Court has reviewed McCullough's two sets of objections but holds them to be without merit. It will therefore enter judgment accordingly.

First, McCullough objects to the Magistrate Judge's recommendation summary judgment be granted on his second ground for relief, plea counsel providing ineffective assistance of counsel by failing to investigate his prior record. McCullough appears to object to the Magistrate Judge's characterization his argument relates to an uncounseled plea. McCullough presents information he was represented, but his counsel failed to appear in court the day of the plea. This objection fails to address the legal analysis performed in the Report and therefore will be treated as a "general objection." *Orpiano*, 687 F.2d at 47. The Court finds no clear error with the Magistrate Judge's recommendation on this issue.

McCullough also argues he performed his "due diligence" in seeking to obtain the transcripts from his plea hearing. Objections at 1. Even if McCullough attempted to obtain the plea hearing transcript, his effort does not excuse the absence of any testimony by his original counsel to the post-conviction relief (PCR) court. McCullough bears the burden of establishing an ineffective assistance of counsel and failed to utilize an available alternative method— testimony of his plea counsel—to present facts in support of his argument. This attempt to purportedly dispute the Magistrate Judge's affirmation of the PCR court's factual findings is insufficient to overcome the deferential standard towards PCR factual findings. *See Evans v.*

*Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We also accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence."). Accordingly, the Court will overrule McCullough's objections as to his second ground for relief.

Second, McCullough objects to the Magistrate Judge's recommendation summary judgment be granted as to his fourth ground for relief, the PCR court's purported incorrect application of *Boykins v. Alabama*, 395 U.S. 238 (1969), in finding McCullough's *Alford* plea intelligent, free, and voluntary. *Boykins* quintessentially requires "the record [below to] disclose that the defendant voluntarily and understandingly entered his pleas of guilty." *Id.* at 244

McCullough contends the plea court incorrectly stated the possible sentence for the manufacturing of methamphetamine third charge. He specifically objects to the Magistrate Judge's characterization of the issue as a misstatement of the law regarding the applicability of probation, rather than a misstatement by the plea court of the potential sentence range. At the plea colloquy, the Judge informed McCullough his sentence on that charge would be "at least 10 [years], but could [be] up to 30 years." CTRACK at 17. This accurately states the statutory penalties. S.C. Code Ann. § 44-53-375(B)(3) (establishing a statutory imprisonment range of ten to thirty years).

The confusion arises from the court's plea hearing proclamation "no probation can be given and . . . no parts of the sentence can be suspended." CTRACK at 17. This conflicts with South Carolina law, which states: "[A] person convicted and sentenced pursuant to this subsection for a third or subsequent offense in which all prior offenses were for possession of a controlled substance pursuant to subsection (A), may have the sentence suspended and probation granted and is eligible for parole." S.C. Code Ann. § 44-53-375(B). Importantly, under this statutory

construct, probation is a potential consequence of a suspension of the statutory sentence, not the sentence itself.

The misstatement at the plea hearing fails to render the plea unknowing or involuntary. For a plea to be proper, a defendant "must have a full understanding of the consequences of his plea." *State v. Hazel*, 271 S.E.2d 602, 603 (S.C. 1980). This requires a defendant be made aware of "the maximum and any mandatory minimum penalty" potentially applicable. *Pittman v. State*, 524 S.E.2d 623, 624 (S.C. 1999). Failure to inform a defendant of a collateral consequence of a sentence, such as parole eligibility, fails to render a plea involuntary. *Frasier v. State*, 570 S.E.2d 172, 174 (S.C. 2002).

McCullough was properly advised of his maximum potential penalty and plead guilty under a correct explanation of the statutory imprisonment range. He, therefore, was properly informed of the applicable statutory penalties at the plea colloquy. *See Pittman*, 524 S.E.3d at 624 (stating a defendant be made aware of the maximum and any mandatory minimum penalty potentially applicable to them for a plea to knowing and voluntary). McCullough's probation eligibility is a collateral consequence of a sentence, which fails to render his plea involuntary. *See Frasier*, 570 S.E.2d at 174 (stating collateral consequences of a sentence fail to render a plea involuntary). Accordingly, McCullough's objection will be overruled.

Third, McCullough further objects to the Magistrate Judge's recommendation on ground four, arguing he received ineffective assistance through counsel's failure to object to the sentence range communicated at the plea hearing. McCullough, somewhat paradoxically, contends he would not have plead guilty had he been informed his potential sentence range was zero to thirty years—rather than the ten to thirty years communicated at the plea hearing—because he believed

4

with his plea "he would get no more than 10 years." Objections at 3. There is no support for McCullough's assertion the appropriate sentence range is zero to thirty years.

The objection appears to be aimed at the Magistrate Judge's statement "Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges." Report at 26 n.8. The objection, however, fails to address the substantive legal argument presented in the Report, mainly the failure to demonstrate the prejudice required for a successful ineffective assistance of counsel claim.

The PCR court provided two rationales to support its determination McCullough failed to meet the prejudice prong of *Strickland*. First, it reasoned the plea judge's sentence at the maximum range of the sentence argued against any prejudice from a failure by counsel to object to the sentence range provided. *See* CTRACK at 144-45 ("The problem you have here is the judge maxed him. The judge gave him thirty years. So, the judge was not inclined to think on the bottom range."). Second, it reasoned plea counsel's testimony, which the judge credited, indicated counsel discussed the potential the judge could suspend the sentence with McCullough. *See id.* at 132-33 (presenting plea counsel's testimony he discussed probation eligibility with McCullough). Nothing presented here establishes the PCR court's determination was "objectively unreasonable" when weighed against the evidence. *Gray v. Zook*, 806 F.3d 783, 790 (4th Cir. 2015). McCullough objection, thus, fails. Accordingly, the Court will overrule the objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules McCullough's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Dodkin's motion for summary judgment is **GRANTED** and McCullough's petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 3rd day of February 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.